## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **WILLIAM SHARP,** | : | **Case No. 3:12-cv-421** |
| | : | |
| Plaintiff, | : | **(Judge Timothy S. Black)** |
| | : | |
| vs. | : | |
| | : | |
| **WASTE MANAGEMENT OF OHIO,** | : | |
| **INC.,** | : | **AGREED PROTECTIVE ORDER** |
| | : | |
| and | : | |
| | : | |
| **JAMES PROFITT,** | : | |
| | : | |
| and | : | |
| | : | |
| **BARRY SAUNDERS,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

The parties hereby agree and the Court hereby orders a Protective Order pursuant to Rule 26(C) as follows:

1.  Except as provided in paragraph 1(a-b) of this Order, all documents produced by Plaintiff or Defendants, which any party in good faith believes to be confidential or privileged under the laws of Ohio or of the United States, and any part or information contained in the documents (collectively the "Confidential Documents and Information") shall be used only in the preparation for trial or trial of this action, and for no other purpose.

    (a)     Documentation or information which at the time of disclosure is part of the public domain or record may not be designated as confidential information by the parties herein subject to this Order.

-1-

(b)     Documentation or information which, after its disclosure, becomes part of the public domain or record through no act, omission, or fault of the parties hereto shall lose its confidential status, even though it may previously have been designated as confidential.

2.     The Confidential Documents and Information shall be kept confidential and shall not be shown, made available, communicated, or otherwise disclosed in any way except to (a) the parties' legal counsel (including support staff); (b) the Court or the jury; (c) the parties; (d) retained and/or consulted experts; (e) potential or actual witnesses; (f) stenographic reporters; (g) any mediator and/or arbitrator engaged to assist in the resolution of this litigation; and (h) any other person as to whom the parties agree in writing. Any persons designated in this paragraph 2(c-h) who receive Confidential Documents and Information shall (1) maintain all Confidential Documents and Information in a safe and secure location to which access is limited only to those persons designated in this paragraph; (2) retain, copy, reproduce, summarize, abstract, and use such Confidential Documents and Information only as reasonably necessary for the purposes of their role in this litigation or any appellate proceeding, settlement negotiations, or any form of alternative dispute resolution; and (3) return all Confidential Documents and Information (including originals, copies, reproductions, summaries, and abstracts) to the legal counsel from which it was received within thirty days of the conclusion of this litigation or any subsequent appellate proceeding. Prior to receiving any Confidential Documents and Information, any person identified in this paragraph 2(c-h) shall be provided with a copy of this Order and agree to be bound by its terms and shall certify such agreement by signing the Certification Form set forth as Exhibit A to this Order. Counsel making disclosure to any person identified in this paragraph 2(c-h) shall retain the original executed copy of the Certification Form until final resolution of

this litigation or any subsequent appellate proceeding, and shall provide a copy of the executed

Certification Form to opposing counsel within thirty days of its execution.

      3.      All portions of transcripts of depositions or hearings, as well as all exhibits,

affidavits, briefs, memoranda, motions, answers to interrogatories, responses to other discovery

requests, or other documents, which quote from, attach as an exhibit, or otherwise recite or

explain any part or all of the contents of the Confidential Documents and Information, shall

themselves be treated as confidential and subject to the terms and conditions of this Order. If

Confidential Documents and Information is used during a deposition, any testimony and/or

exhibits relating to or reflecting previously-designated Confidential Documents and Information

shall be deemed automatically protected by this Order. Any deposition testimony or exhibits

relating to information that is not yet designated as Confidential Documents and Information

may be so designated at the deposition, or within thirty days of the date the deposition transcript

is received by informing opposing counsel which deposition transcript pages and exhibits shall

be treated as Confidential Documents and Information. Pending expiration of the designation

period, all transcript pages and exhibits shall be treated as Confidential Documents and

Information.

      4.      The parties shall designate any Confidential Documents and Information

produced or disclosed by stamping or otherwise marking the documents or information prior to

filing or production as follows: "CONFIDENTIAL." Such marking shall occur on every page

of any document(s) that is designated as Confidential Documents and Information. To the extent

that any papers filed with the Court, including portions of transcripts of depositions or hearings

and exhibits, affidavits, briefs, memoranda, motions, answers to interrogatories or responses to

other discovery requests, quote from, include, or attach as an exhibit any part or all of the

contents of the Confidential Documents and Information, counsel for the party to this Order filing such papers shall comply with the requirements of Southern District Local Rule 79.3.

5.      This Order shall be without prejudice to the rights of a challenging party to bring before the Court by way of motion at any time the question whether any particular information should be designated as "confidential." Upon such motion, the designating party shall have the burden of establishing that the designation is appropriate. Until the motion objecting to the confidentiality designation is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

6.      Within thirty days after the final determination of this action, including appeals, counsel for Plaintiff shall assemble and return to counsel for Defendant, and vice-versa, all Confidential Documents and Information and all copies of Confidential Documents and Information that each party produced. Alternatively, the parties and their respective counsel may agree in writing on appropriate alternative methods for the destruction of such Confidential Documents and Information. Counsel for each party may retain archival copies of all Confidential Documents and Information to the extent that it is reflected in the pleadings, discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence, and work product in this case. Any abstracts, summaries, notes or other work product relating to the Confidential Documents and Information shall be kept confidential following conclusion of this litigation. Such documents and the information contained therein shall remain subject to this Order unless and until the Court rules otherwise.

7.      In the event that any party seeks discovery from a third party which is alleged by such third party to be confidential, such third party may designate such information as

-4-

Confidential Documents and Information and the parties agree that such third party information will be received and maintained by them under the provisions of this Order.

8.     If a party, through inadvertence, produces any confidential information or documents without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of such confidential information to persons not authorized to receive confidential information shall not be deemed by a violation of this Order.

9.     If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving to the Court to compel production of the returned documents and/or information.

10.     Nothing in this Order shall be deemed a waiver of any party's right to object to production of any documents or other tangible things or answers to interrogatories for lack of timeliness, relevance or materiality, or as a privileged communication, or as trial preparation

materials, or as not reasonably calculated to lead to the discovery of admissible evidence. Nor shall this Order prejudice the right of any party to move the Court for an order compelling production of material, or modifying this Order or any order otherwise permitting disclosure of Confidential Documents and Information beyond the terms of this Order. Furthermore, this agreement shall have no effect on the use of designated material at trial. If the designating party seeks to assert confidentiality or privilege as to any material at trial, that party shall have the burden of proving confidence or privilege at that time. The material in issue shall continue to be treated as designated confidential until the Court makes a determination regarding confidence or privilege.

11. The Court may enter such other and further relief as it deems appropriate and this Order is without prejudice to the right of any party to apply for such relief. This Order is subject to amendment, modification, and/or termination upon the stipulation of Plaintiff and Defendant.

12. This Court shall retain jurisdiction over this Order and the parties, their counsel, and those persons to whom Confidential Documents and Information is disclosed for the purposes of enforcing the terms of this Order. The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court.

Timothy S. Black 8/19/13
Timothy S. Black
United States District Judge

Respectfully submitted,

Attorney for Plaintiff(s):

Attorney for Defendant(s)

*/s/ Ted L. Wills (0059473)*
TED L. WILLS, ATTORNEY AT LAW
414 Walnut Street, Suite 707
Cincinnati, Ohio 45202
Telephone: 513-721-5707
Facsimile: 513-621-8430
TedLWills@aol.com

*/s/ Jennifer R. Asbrock*
Jennifer R. Asbrock (0078157)
Deborah S. Brenneman (0062113)
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934
Telephone: 937-443-6849
Facsimile: 937-443-6635
Jennifer.Asbrock@ThompsonHine.com
Debbie.Brenneman@ThompsonHine.com

742638.2

## EXHIBIT A

The undersigned _____ (print or type

name of person) hereby acknowledges that he or she received a copy of the Agreed Protective

Order ("Order") entered by the Court in the case entitled "SHARP V. WASTE MANAGEMENT

OF OHIO, INC., ET AL." pending before the United States District Court for the Southern

District of Ohio (Case No. 3:12-cv-421), and Confidential Documents and Information is being

disclosed to the undersigned based on Paragraph 2(___) of that Order.  The undersigned has read

and agrees to be bound by all the provisions the Order and hereby submits to the jurisdiction of

the United States District Court for the Southern District of Ohio for the purpose of enforcement

of the terms of the Order and the punishment for violations thereof.


Dated:_____


_____

[Signature]


_____

_____

[Address]